UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BROWN, #742378

        Plaintiff,

v.

MICHAEL SNYDER,

        Defendant.
_____/

Case No. 19-11325
District Judge Stephanie Dawkins Davis
Magistrate Judge R. Steven Whalen

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR A MORE DEFINITE STATEMENT [ECF No. 32]**

On May 6, 2019, Plaintiff Robert Brown, a prison inmate in the custody of the Michigan Department of corrections, filed a *pro se* civil complaint under 42 U.S.C. § 1983 [ECF No. 1]. On November 18, 2019, Defendant Snyder filed a motion for more definite statement [ECF No. 22], which the Court granted on April 8, 2020 [ECF No. 29]. On May 1, 2020, Plaintiff filed a self-styled "Amended Complaint for Defendant['s] Motion for a More Definite Statement" [ECF No. 30].  Before the Court at this time is Defendant's Second Motion for More Definite Statement [ECF No. 32], in which Defendant asserts that he needs clarity because Plaintiff's more recent filing is still factually deficient, and does not give him fair notice of what the claim is and the grounds upon which it rests. Defendant states that "the so-called 'Amended Complaint' is not a complaint setting forth the parties, facts, claims and relief sought...but is more analogous

to a resonse to a motion or an order to show cause." ECF No. 32, PageID.139.

However, on July 28, 2020, Plaintiff in fact filed an Amended Complaint [ECF No. 33], which specifies the date on which he filed a grievance against Defendant Snyder (February 6, 2019), the dates that the grievance was investigated, the date that Defendant wrote him a misconduct ticket, an allegation that the misconduct ticket was in retaliation for his protected activity, the date that the misconduct ticket was dismissed, and the damages that Plaintiff suffered as a result of Defendant's retaliatory actions, i.e, being placed in segregation until he was found not guilty, and therefore being removed from his college program. The Amended Complaint also states the legal bases of his claims: the First, Eighth, and Fourteenth Amendments.

Plaintiff may or may not ultimately prevail on his claims, but he has provided a precise chronology of facts and linked those to his legal claims. In short, he has now fully complied with Fed.R.Civ.P. 8(a)(2) by offering a "short and plain statement of the claim showing that [he] is entitled to relief."

Accoringly, Defendant's Second Motion for More Definite Statement [ECF No. 32] is DENIED.

IT IS SO ORDERED.

Date: October 13,2020         s/R. Steven Whalen
                              R. Steven Whalen
                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was sent to parties of record on October 13, 2020 electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager