UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT T. BROWN,  
           Plaintiff,

v.

MICHAEL SNYDER,  
           Defendant.

_____/

Case No.: 19-11325

Stephanie Dawkins Davis
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS TO PERPETUATE TESTIMONY (ECF No. 31)**

**I.    PROCEDURAL HISTORY**

Plaintiff Robert T. Brown, proceeding *pro se*, filed this prisoner civil rights action on May 6, 2019. (ECF No. 1). Defendant Michael Snyder then filed a motion for more definite statement, which was granted. (ECF Nos. 22, 29). On May 1, 2020, Brown filed an amended complaint and the instant motion for depositions to perpetuate testimony. (ECF Nos. 30, 31). In July 2020, Snyder filed a second motion for more definite statement, (ECF No. 32), which was subsequently denied after Brown filed a second amended complaint (ECF No. 33, 35). The second amended complaint, at docket no. 33, is now the operative complaint. (*See* Order denying Second Motion for More Definite Statement, ECF

No. 35). This matter was referred to the undersigned for all pretrial matters on October 16, 2020. (ECF No. 36).

## II.  DISCUSSION

In his pleading, Brown requested the Court to issue an order directing Snyder to respond to the written deposition questions provided in his motion. (ECF No. 31, PageID.128). According to his motion, Brown seeks relief pursuant to Fed. R. Civ. P. 27(a)(1) and 30(c)(3). (*Id.*). For the reasons outlined below, Brown's motion is denied as both improper and premature.

Brown's attempt to serve the questions on Snyder in the first instance by filing them with the Court is improper under Eastern District of Michigan Local Rule 26.2 and Fed. R. Civ. P. 5(d)(1).[1] Discovery requests must be made in accordance with Fed. R. Civ. P. 26 through 37 if and when the time for discovery begins. *See* Fed. R. Civ. P. 26-37. That is, discovery requests must be directed to the defendant, not filed with the Court.[2] Therefore, Brown's motion is due to be denied as it is an improper means of submitting discovery to Defendant.

---

[1] While Brown is representing himself in this matter, he is still expected to adhere to the rules governing litigation in this court. *West v. Saginaw Twp. Police Dep't.*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow ... rules of procedure."); *Kitchen v. Corizon Health Inc.*, 2018 WL 286425, at *4 (W.D. Mich. Jan. 4, 2018) ("The Federal Rules of Civil Procedure bind even *pro se* individuals.").

[2] Although Plaintiff titled his requests "deposition" questions, it is not clear if he intended that Defendant be compelled to respond to the questions pursuant to Fed. R. Civ. P. 31 or as

Nonetheless, even if Brown's motion was properly before the Court, it is still due to be denied. Federal Rule of Civil Procedure 27, "Depositions to Perpetuate Testimony," does not apply to motions to perpetuate testimony filed while an action remains pending before a district court. Federal Rule of Civil Procedure 27 contemplates such depositions that occur before an action is filed, Fed. R. Civ. P. 27(a), or after judgment pending appeal, Fed. R. Civ. P. 27(b). Neither scenario is present here. Brown filed this motion nearly a year after he commenced the action against Snyder, and to date an appealable judgment has not been issued in this case. Therefore, Federal Rule of Civil Procure 27 in inapplicable.³

Moreover, discovery has not yet commenced. In *pro se* prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines.⁴ A

---

interrogatories pursuant to Fed. R. Civ. P. 33.  In either case, Plaintiff's motion is denied for the reasons outlined herein.

³ Brown also cited Fed. R. Civ. P. 30(c)(3), "Participating Through Written Questions," as authority for his motion. This rule allows a party to participate in a deposition remotely by serving written questions on the party who noticed the deposition. The party who noticed the deposition must give the questions to the officer administering the oath who will then ask the deponent the written questions and record the answers. As with Fed. R. Civ. P. 27, this particular rule is inapposite here. Brown neither noticed an in-person deposition contemplated under this rule nor requested that his questions be read at a deposition.

⁴ In non-prisoner civil litigation, the parties are required to adhere to Fed. R. Civ. P. 26(f) which requires the parties conduct a discovery conference prior to commencing discovery. Rule 26(d) prohibits a party from seeking discovery from "any source" before the parties have conducted a Rule 26(f) conference, except when authorized by the Rules, stipulation or court

scheduling order has not been issued, but will be in due course after Snyder files an answer to the complaint. To the extent Brown's motion is for leave of the Court to commence discovery prior to the issuance of the scheduling order, he has provided no grounds on which to do so.

Further, although Brown refers to his questions as "disregarded depositions"—implying Snyder has ignored the questions—it is not clear Brown has served his questions on the defendant. Rather, it appears Brown is providing his questions to Snyder for the first time in his motion. A motion to compel responses to discovery is appropriate when the responding party fails to properly or timely respond to properly served discovery requests. Fed. R. Civ. P. 37(a). Because it does not appear Snyder was properly served with Brown's discovery requests, his obligation to respond was not triggered. Thus, a motion to compel responses at this juncture is premature.

Accordingly, Brown's motion is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not

---

order. *Pro se* prisoner civil litigation is exempt from Fed. R. Civ. P. 26(f). Fed. R. Civ. P. 26(a)(1)(B)(iv).

assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 29, 2020

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2020, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850