UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT T. BROWN, <br> Plaintiff, <br> v. <br> MICHAEL SNYDER, <br> Defendant. <br>  _____/ | Case No.: 19-11325 <br><br> Stephanie Dawkins Davis <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 59)

Defendant Michael Snyder filed a motion for summary judgment on September 24, 2021. (ECF No. 49). The Court ordered Plaintiff to file a response to the motion no later than November 12, 2021. On October 18, 2021, Plaintiff moved to strike Snyder's motion for summary judgment pursuant to Fed. R. Civ. P. 12(f). (ECF No. 52). The Court denied Plaintiff's motion and explained the more appropriate way to contest the motion for summary judgment is to file a brief in response, as he was ordered to do. (ECF No. 58). The Court extended Plaintiff's response deadline to December 17, 2021.

On December 3, 2021, Plaintiff filed a motion for appointment of counsel. In support of his motion, he states this case is becoming complex and without legal knowledge he cannot follow the Federal Rules of Civil Procedure. He also asserts

he is in confinement 22 hours a day, and thus is it difficult to have "legal access." (ECF No. 59).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against a single defendant and do not appear overly complex. Moreover, his briefs and other filings with the court demonstrate that he has an adequate understanding of the issues and matters involved here, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have

in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").

Given Plaintiff's representations about lack of access to legal materials, the Court extends his deadline to respond to the defendant's motion for summary judgment to **January 14, 2022**. Should Plaintiff's lack of access to legal materials continue to impact his ability to respond to a motion or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances. Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Plaintiff's motion to appoint counsel (ECF No. 59) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made.

Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 10, 2021                     s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2021, by electronic means and/or ordinary mail.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850